| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| VIRGINIA JANISE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 1:20-CV-00378 |
| versus | § | |
| | § | |
| UNITED PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case is referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for all pretrial matters. Pending before the court is Defendant United Property and Casualty Insurance Company's ("UPC") Motion to Preclude Recovery of Attorney's Fees. Doc. No. 8. The court has received and considered the report of the magistrate judge (Doc. No. 15), which recommends denying the motion and abating the case for sixty (60) days while Plaintiff Virginia Janise ("Janise") gives proper notice to UPC. On December 22, 2020, UPC filed timely objections to the report and recommendation. Doc. No. 16. Janise has filed no objections, and the time for doing so has passed. FED. R. CIV. P. 72(b)(2).

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). The court has conducted a *de novo* review of the magistrate judge's report and recommendation and has carefully considered UPC's objections. The court finds that the magistrate judge's findings

and conclusions of law are correct. Nonetheless, instead of the remedy recommended by the magistrate judge, UPC's motion is denied on other grounds. Under the Texas Insurance Code, a motion to preclude attorney's fees must be filed within thirty days of an original answer. Here, UPC's answer is inoperative because it was filed late and without leave of court. Therefore, the ensuing motion to preclude attorney's fees was not filed within thirty days of a valid answer. For that reason, the motion is denied.

1. **The Plain Text Does Not Permit Abatement in This Context**

    Texas Insurance Code section 542A states in relevant part:

    If a defendant . . . pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending.

TEX. INS. CODE § 542A.007(d). UPC does not take issue with the magistrate judge's finding that Janise failed to provide sufficient presuit notice as required by § 542A.003. *See* R. & R., pt. A, Doc. No. 15. The magistrate judge also correctly concluded that the applicable statutes of limitations were extended until mid-2022 because UPC had reopened Janise's insurance claim and provided her with additional reimbursements as late as mid-2020. *See id.*, pt. B. UPC objects, however, to the magistrate judge's proposed remedy of abatement. While UPC's objections are persuasive, they are overruled for the reasons explained below. *See infra* pt. 2.

The purpose of the notice requirement is "to discourage litigation and encourage settlements." *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992). With that in mind, the magistrate judge recommended denying the motion subject to reassertion and abating the case for sixty days, thus giving Janise an opportunity to cure her defects by providing proper notice. R. & R., pt. C,

Doc. No. 15. In support of that recommendation, the magistrate judge cited *Perrett v. Allstate* for the proposition that "abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal." *Perrett v. Allstate Ins. Co.*, 354 F. Supp. 3d 755, 757 (S.D. Tex. 2018) (Rosenthal, C.J.) (granting defendant's motion to abate).

UPC objects to that recommendation, arguing that the plain text of the statute forecloses such a remedy, and that *Perrett* is inapposite. Def.'s Objs. 2-4, Doc. No. 16. By its text, the abatement provision in the statute applies only when a defendant files a plea in abatement. TEX. INS. CODE § 542A.005(a). UPC did not move to abate the action—UPC merely filed a motion to preclude attorney's fees.

Furthermore, *Perrett* was later clarified in *Tarantino Properties*, in which the defendant filed a motion to preclude attorney's fees. *Tarantino Props. v. Com. Ins. Grp.*, No. H-19-834, 2019 U.S. Dist. LEXIS 74922, at *1 (S.D. Tex. May 3, 2019) (Rosenthal, C.J.). When the plaintiff in that case asked for abatement (citing *Perrett*), Chief Judge Rosenthal clarified that abatement was not an available remedy:

> Section 542A.007(d) conditions attorney's fees solely on whether the plaintiff timely gave the defendant presuit notice under § 542A.003(b)(2), which Tarantino concedes it failed to do. There are no equitable exceptions to this requirement. Nor is there an exception based on an abatement that automatically goes into effect *after* the suit was filed, an exception which would undermine the presuit notice required by § 542A.003 and incentivized by the loss of attorney's fees under § 542A.007(d).

*Tarantino Props.*, 2019 U.S. Dist. LEXIS 74922, at *4. Therefore, only § 542A.007(d) applies to the instant motion, and the sole remedy allowed by that section is a denial of attorney's fees. *See id.* UPC, however, is not entitled to rely on § 542A.007(d) because UPC filed its Answer late and, most significantly, without leave of court.

3

### 2. UPC Cannot Rely on the Attorney's Fees Statute Because UPC's Answer Was Filed Late and Without Leave of Court

In the report and recommendation, the magistrate judge explained why UPC's Answer was filed late:

> Under the Insurance Code, a motion to preclude attorney's fees "must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending." TEX. INS. CODE ANN. § 542A.007(d). UPC filed its Original Answer on September 24, 2020. The motion was filed on October 23—within thirty days. However, Janise argues that the motion is untimely because *the Answer* was late. The action was removed on September 14. Because the Defendant did not answer in state court, the answer was due *seven* days after the notice of removal was filed. FED. R. CIV. P. 81(c)(2)(C) (Since service of process occurred on August 20, the seven-day period was "the longest of these periods" under the Rule.). Instead, the Answer was filed ten days later. Thus, UPC's Answer was three days late. This raises the question of whether a seemingly timely motion to preclude attorney's fees (filed within thirty days of the answer) may nonetheless be untimely if the answer was filed late. The undersigned could not find authorities that address this question.

R. & R. 6 n.2, Doc. No. 15. This court has also failed to find authorities directly on point. The Northern District of Texas, however, has addressed a similar issue. In *Maiden Biosciences, Inc. v. MPM Medical, Inc.*, Judge Fitzwater explained why a seemingly timely counterclaim was considered untimely because the preceding answer was filed late:

> Maiden filed and served its second amended complaint on November 1, 2018. Defendants filed their answer to Maiden's second amended complaint on November 20, 2018. But that answer was untimely: it should have been filed no later than November 15, 2018. *See* FED. R. CIV. P. 15(a)(3).
>
> Defendants did not file their counterclaim until December 11, 2018, when they filed an amended answer to the second amended complaint and original counterclaim. . . . Defendants have not established that they can invoke Rule 15(a)(1)(A) to amend an answer as a matter of course that was itself untimely and subject to being stricken on that basis. Because the November 20, 2018 answer was untimely, the December 11, 2018 amended answer purporting to amend the November 20, 2018 answer is likewise untimely. . . .
>
> The court therefore holds that defendants' answers and counterclaim are untimely. Accordingly, it was necessary for defendants to seek leave to file the amended pleadings; they could not file them as of right.

4

No. 3:18-CV-1354, 2019 WL 935478, at *2 (N.D. Tex. Feb. 26, 2019). Thus, the *Maiden* opinion suggests that an ostensibly timely filing may nonetheless be invalid if it was filed with reference to an untimely answer. *See id.* at *5. Because the defendants in that case asked to amend the scheduling order so their late answers could be received, the court ultimately granted them leave. *See id.* But unlike the defendants in *Maiden*, UPC has not asked the court for leave to file its Answer at a later date.

Furthermore, it is well established that the court has the power to strike an untimely answer filed without an accompanying motion for leave. *See, e.g.*, *DirecTV, Inc. v. Young*, 195 F. App'x 212, 215 (5th Cir. 2006) (affirming district court's decision to strike answer filed eleven months late); *Moreno v. Silvertip Completion Servs. Operating, LLC*, 7:19-CV-240, 2020 WL 6867056, at *2-3 (W.D. Tex. Nov. 13, 2020) (denying defendant's motion for leave to file amended answer nearly four months after the scheduled deadline to file amended pleadings); *Parker v. Bill Melton Trucking, Inc.*, No. 3:15-CV-2528, 2016 WL 10704382, at *1 (N.D. Tex. Apr. 18, 2016) (granting plaintiff's motion to strike untimely answer filed without motion for leave of court); *but see Parker v. Bill Melton Trucking, Inc.*, No. 3:15-CV-2528, 2016 WL 1750643, at *3 (N.D. Tex. May 3, 2016) (granting defendant's subsequent motion for leave). In other words, a late answer is of no effect until the court grants the defendant leave to file it. *See Bey v. Hood*, No. 6:19-CV-227, 2019 WL 3997347, at *2 (E.D. Tex. Aug. 23, 2019) (granting motion for leave and referring to the answer as "live" from that point).

The magistrate judge explained why UPC's Answer was untimely, and UPC never argued to the contrary. Motions to preclude attorney's fees must be filed within thirty days of an original answer. TEX. INS. CODE § 542A.007(d) ("not later than the 30th day after *the date* the defendant files an original answer . . ." (emphasis added)). Nonetheless, UPC's Answer is currently null

5

because it was filed late and without leave of court. Without a live answer "in the court in which the action is pending," the court cannot rule on UPC's motion to preclude attorney's fees. *See* TEX. INS. CODE § 542A.007(d). Unless and until the court grants UPC leave to file its Answer late, UPC cannot take advantage of the attorney's fees provision in § 542A.007(d). Therefore, UPC is not entitled to preclude Janise from seeking attorney fees at this juncture. In accordance with the foregoing reasons, UPC's Motion to Preclude Recovery of Attorney's Fees is denied. If UPC wishes to assert Texas Insurance Code § 542A.007(d), it must seek leave of court to file its Answer out of time.

## Conclusion

In summary, the court adopts the report and recommendation insofar as it (1) concludes that Janise failed to provide adequate presuit notice; (2) explains why the statutes of limitations have been tolled until mid-2022; and (3) recommends denying UPC's Motion to Preclude Recovery of Attorney's Fees. Instead of abating the case as recommended by the magistrate judge, however, the motion is denied because UPC did not seek leave of court to file its Answer and, thus, does not have a live pleading before the court.

It is, therefore, **ORDERED** that the magistrate judge's Report and Recommendation (Doc. No. 15) is **ADOPTED IN PART**. UPC's Motion to Preclude Recovery of Attorney's Fees (Doc. No. 8.) is **DENIED**.

SIGNED at Beaumont, Texas, this 3rd day of February, 2021.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE